**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**Case No.:**

LAKIA ARNOLD, on behalf of her minor Children L.H and C.H

**JURY TRIAL DEMANDED**

Plaintiff,

**v.**

CDHA MANAGEMENT, LLC d/b/a CHORD SPECIALTY DENTAL PARTNERS and SPARK DSO, LLC d/b/a CHORD SPECIALTY DENTAL PARTNERS**,**

Defendants

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff seeks monetary damages, along with injunctive and declaratory relief, due to Chord's failure to adequately protect the Personally Identifiable Information ("PII") and Protected Health Information ("PHI") (collectively, "Private Information") of its patients and her minor children. As a result of Chord's insufficient safeguards, unauthorized parties gained access to its systems between August 19, 2024 and September 25, 2024, leading to the compromise and unlawful disclosure of Private Information, which has caused substantial harm and injury to Plaintiff and her two minor children. Under HIPAA (Health Insurance Portability and Accountability Act), PHI is "individually identifiable health information... that is transmitted or maintained in any form or medium (electronic, paper, or oral)." *https://www.ecfr.gov/current/title-45/subtitle-A/subchapter-C/part-160/subpart-A/section-160.103*

2. Chord is a dental support organization headquartered in Tennessee that provides administrative and operational services to more than 60 dental practices across six states.

3. As detailed below, Chord identified suspicious activity involving an employee email account and later confirmed that, between August 19, 2024, and September 25, 2024 (the "Data Breach"), an unauthorized third party gained access to several employee email accounts and obtained sensitive files.

4. Due to Chord's failure to prevent this intrusion, the Private Information of its patients, including Plaintiff s, was exposed and potentially stolen.

5. Chord's investigation ultimately determined that the Private Information compromised in the Data Breach encompassed the records of Plaintiffs minor children.

6. Chord's failure to secure patients' highly sensitive Private Information ultimately exposed and unlawfully disclosed in the Data Breach violates its common law duties, statutory obligations, and the implied contractual promise it made to patients to protect their data.

7. As a result, Plaintiff and her children now face a lifelong risk of identity theft. The compromised information is immutable.

8. Chord's misconduct has harmed Plaintiffs in multiple ways, including: (i) the loss or diminished value of their Private Information;(ii) expenses incurred to prevent, detect, and recover from identity theft, tax fraud, and other unauthorized misuse of their data; (iii) lost opportunity costs and significant time spent mitigating the impact of the Data Breach; and (iv) emotional distress and anxiety resulting from the loss of control over their most sensitive personal information.

9. Chord's continued failure to safeguard Plaintiff's Private Information has already caused and will continue to cause substantial harm indefinitely.

10. Minor plaintiff L.H already has a California address listed on her consumer report despite never living in California and living in Pennsylvania her entire life.

11. This case underscores the profound seriousness of Chord's failures. Plaintiff entrusted Chord with the most sensitive personal information of her family including her two minor children, ages 8 and 18 expecting it to be safeguarded with the utmost care. Instead, due to Chord's inadequate security practices, their Private Information has been exposed , placing them at lifelong risk of identity theft, financial fraud, and privacy violations. As minors, Plaintiff's children will bear the consequences of this breach for decades to come, making Chord's breach of trust and legal obligations even more egregious.

## JURISDICTION AND VENUE

12. This Court has personal jurisdiction over Defendant CDHA Management, LLC because it is incorporated in Delaware and maintains its headquarters and principal place of business in West Chester, Pennsylvania, where it purposefully directs and conducts substantial business activities.

13. This Court also has personal jurisdiction over Defendant Spark DSO, LLC because although it is a Pennsylvania limited liability company with a principal office listed in Nashville, Tennessee, it is organized under the laws of Pennsylvania and conducts systematic business operations in Pennsylvania, thereby purposefully availing itself of this forum.

14. This Court also has personal jurisdiction over Defendant **Spark DSO, LLC** because although it is a Pennsylvania limited liability company with a principal office listed in Nashville, Tennessee, it is organized under the laws of Pennsylvania and conducts systematic business operations in Pennsylvania, thereby purposefully availing itself of this forum.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants are residents of Pennsylvania for venue purposes (due to CDHA's principal place of business in Pennsylvania and Spark DSO's formation under Pennsylvania law), and because a substantial part of the events or omissions giving rise to Plaintiff's claims including the maintenance of Plaintiff's Private Information and the data security failures at issue occurred in this District.

## FACTUAL ALLEGATIONS

16. Plaintiffs are patients who provided Private Information directly to Chord.

17. Before receiving services from Chord, Plaintiff was required to and did turn over sensitive Private Information.

18. Minor Plaintiffs L.H and C.H obtained dental care from one of Chords clients.

19. According to the Notice, L.H and C.H's private information was improperly accessed and obtained by unauthorized third parties. (EXHIBIT A and EXHIBIT B).

20. As a result of the Data Breach, L.H. and C.H is presently at risk and will continue to be at increased risk of identity theft and fraud for their lifetime.

21. Currently there is California address listed on L.H's consumer report despite living in Pennsylvania her entire life ( EXHIBIT C.

22. At the time of the Data Breach, Chord stored Plaintiff's unencrypted Private Information.

23. Upon information and belief, Chord made express promises and representations to its patients that their Private Information would be kept secure and confidential, that privacy would be maintained, and that sensitive data would be deleted once no longer needed.

24. Plaintiffs provided Private Information to Chord with the reasonable expectation that Chord would uphold its obligations to keep such data secure and protect it from unauthorized access.

25. Plaintiff took reasonable steps to maintain the confidentiality of her information and relied on Chord's sophistication to safeguard it, to use it solely for legitimate purposes, and to make only authorized disclosures. Plaintiff values the confidentiality of her Private Information and demands appropriate security measures to protect it.

26. Chord had a duty to adopt reasonable measures to protect Plaintiff's Private Information from unauthorized disclosure and a legal obligation to keep patients' data safe and confidential.

27. Chord's obligations under the FTC Act, HIPAA, applicable contracts, industry standards, and its own representations require it to maintain the confidentiality of Plaintiff's Private Information and protect it against unauthorized access.

28. On or about March 14, 2025, Chord began notifying affected patients of the Data Breach, informing them by Notice of a Data Breach.

29. This disclosure triggered and substantially aggravated Plaintiff's pre-existing anxiety and depression, leading to persistent worry and intrusive thoughts about how the stolen information might be misused.

30. Chord did not use reasonable security procedures and practices appropriate to the nature of the sensitive information they were maintaining for Plaintiff's, such as encrypting the information or deleting it when it is no longer needed, causing the exposure of Private Information.

31. Chord's inadequate security procedures, including the failure to encrypt or delete sensitive information no longer needed, directly led to the exposure of Private Information belonging to the Plaintiff.

32. To receive services from Chord and its partners, the Plaintiff was required to provide sensitive and confidential Private Information. Chord collects, retains, and stores this information, deriving significant economic benefit from it. Without collecting Plaintiff's Private Information, Chord would be unable to provide its services.

33. By collecting and storing this Private Information, Chord assumed legal and equitable duties. They knew or should have known they were responsible for protecting it from disclosure. The Plaintiff took reasonable steps to maintain the confidentiality of their Private Information and relied on Chord to keep it confidential and secure, to use it only for business purposes, and to make only authorized disclosures.

34. This Data Breach could have been prevented had Chord properly secured and encrypted the emails and email servers containing the Plaintiff's Private Information. Chord, understanding the importance of securing such data, made promises to the

Plaintiff to maintain and protect their Private Information. Chord's negligence in safeguarding this information is further compounded by the numerous warnings and alerts regarding the protection of sensitive data.

35. Chord's failure to implement or maintain adequate data security measures directly caused injuries to the Plaintiff. The consequences of Chord's inability to secure this information are severe and long-lasting, as fraudulent use of stolen **Private Information** can persist for years.

36. As a healthcare entity entrusted with patient **Private Information**, Chord knew, or should have known, the critical importance of safeguarding the data provided by the Plaintiff and the foreseeable, significant costs a breach would impose. Despite this, Chord did not take sufficient cybersecurity measures to prevent the Data Breach.

*37.* The **FTC** provides clear guidelines for businesses on data security, emphasizing its importance in all business decisions. Further, the **FTC** suggests limiting data retention, restricting sensitive data access, requiring strong passwords, using industry-tested security methods, monitoring for suspicious activity, and verifying third-party security. In *Start with Security: A Guide for Business*, the FTC emphasizes that organizations should "think through the implications of your data decisions" — including the type, duration, and protection of data — and build security into every aspect of the business. (*https://www.ftc.gov/business-guidance/resources/start-security-guide-business)*

38. The **FTC** has taken action against businesses, including healthcare entities like Chord, for failing to protect patient data, deeming such failures an "unfair act or practice" under Section 5 of the **FTC** Act. Chord's failure to employ reasonable and

appropriate measures to protect patient **Private Information** or comply with industry standards constitutes such an unfair act.

39. Additionally, Chord is a covered entity under HIPAA. HIPAA mandates ensuring the confidentiality, integrity, and availability of electronic protected health information, protecting against anticipated threats and unauthorized disclosures, and ensuring workforce compliance. It also requires reviewing and modifying security measures, implementing access controls, and having policies to prevent and detect security violations.

40. Beyond legal obligations, Chord had a duty to the Plaintiff to exercise reasonable care in safeguarding **Private Information**, including timely detection of compromises, responding to security warnings, and transparently disclosing breaches.

41. Chord's inadequate security directly led to the Plaintiff's injuries. The long-term ramifications are severe, as stolen **Private Information** can be used fraudulently for years. As a healthcare entity, Chord should have understood the significant costs of a breach.

42. The unencrypted **Private Information** is likely to be sold on the dark web, as is common with hackers and data breaches, and can also be used for unauthorized targeted marketing. This makes the Plaintiff vulnerable to identity theft. The link between a data breach and identity theft is well-established and which may not be discovered for months or years.

43. As a result, the Plaintiff must spend significant time and money on mitigating risks, such as monitoring financial accounts, changing passwords, and securing

computer systems. This is consistent with **GAO** and **FTC** recommendations for data breach victims.

44. **Private Information** is highly valuable, more so than credit card information, and can fetch high prices on the dark web. Its compromise has diminished its inherent market value, leading to an economic loss for the Plaintiff who received no compensation for its unauthorized release.

45. Chord knew the volume and sensitive nature of the data on its network and the potential harm from its exposure. The Plaintiff now faces years of constant surveillance of their financial and personal records, monitoring, and loss of rights, incurring ongoing damages beyond any fraudulent use of their **Private Information**.

46. Finally, Chord's poor data security deprived the Plaintiff of the expected value of the services they paid for. The Plaintiff reasonably expected necessary data security as part of the service, which Chord failed to provide, resulting in a lesser-value service than bargained for.

## COUNT ONE
## NEGLIGENCE

47. The Plaintiff incorporates and re-alleges all previous statements made in this Complaint.

48. Chord required patients, including the Plaintiff, to submit sensitive **Private Information** to receive services. The Plaintiff entrusted Chord with this data, expecting it to be safeguarded. Chord knew the sensitivity of this information and the potential harm if it were disclosed.

49. By collecting and storing this data for commercial gain, Chord had a duty to use reasonable means to secure its systems and the **Private Information** within them,

preventing disclosure and theft. This duty also included promptly detecting breaches and notifying affected individuals. Chord's duty aligns with **HIPAA** requirements to protect confidential health information from unauthorized use or disclosure through appropriate administrative, technical, and physical safeguards.

50. This duty of care arose from the special relationship between Chord and its patients, who provided confidential **Private Information** as a necessary part of their care. This responsibility is also rooted in industry standards and legal precedent, existing independently of any contract.

51. Chord was negligent, breaching its duties by failing to adequately protect **Private Information**. This includes not implementing sufficient security measures, failing to monitor network security, and allowing unauthorized access. A breach and resulting harm were foreseeable, given Chord's inadequate security and the high frequency of cyberattacks in healthcare.

52. Chord knew the inherent risks of collecting and storing **Private Information** and the critical need to encrypt it. The Plaintiff had no ability to protect their information once it was with Chord, who was able to prevent the harm. Chord's duty extended to protecting against foreseeable criminal actions of third parties.

53. As result of Chord's negligence, Plaintiff has suffered, and will continue to suffer, various forms of harm, including but not limited to anxiety, emotional distress, loss of privacy, as well as additional economic and non-economic damages.

54. Additionally, as a direct and proximate result of Chord's negligence, Plaintiff faces ongoing and future risks stemming from the exposure of her Private Information, which remains in Chord's custody. Unless and until Chord implements appropriate and

sufficient safeguards, this sensitive data continues to be vulnerable to further unauthorized access and disclosure.

55. As a direct consequence of Defendants' conduct, Plaintiff experiences ongoing emotional harm, including heightened stress, irritability, and difficulty focusing on daily life, which continues to adversely affect her mental and emotional well-being

56. Plaintiff will continue to endure these emotional and psychological injuries indefinitely, as she must live with the knowledge that her family's sensitive data is now permanently exposed to misuse.

57. Plaintiffs are entitled to compensatory and consequential damages suffered as a result of the Data Breach. Plaintiffs are also entitled to injunctive relief requiring Chord to (i) strengthen their data security systems and monitoring procedures; (ii) submit to future annual audits of those systems and monitoring procedures; and (iii) continue to provide adequate credit monitoring to all Plaintiffs.

## COUNT TWO
## NEGLIGENCE PER SE

58. The Plaintiff incorporates and re-alleges all previous statements made in this Complaint.

59. Pursuant to the Federal Trade Commission Act, 15 U.S.C. § 45, Chord had a duty to provide fair and adequate computer systems and data security practices to safeguard Plaintiff's Private Information.

60. Pursuant to HIPAA, 42 U.S.C. § 1302d et seq., Chord had a duty to implement reasonable safeguards to protect Plaintiff's Private Information.

61. Chord breached its duties to Plaintiffs under the FTC Act and HIPAA by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiff's Private Information.

62. Chord's failure to comply with applicable laws and regulations constitutes negligence per se.

63. The injuries to Plaintiff and Class members resulting from the Data Breach were directly and indirectly caused by Chord's violation of the statutes described herein.

64. As a direct and proximate result of Chord's negligent conduct, Plaintiffs have suffered injuries and are entitled to compensatory, consequential, and punitive damages in an amount to be proven at trial.

**COUNT THREE**
**BREACH OF FIDUCIARY DUTY**

65. The Plaintiff incorporates and re-alleges all previous statements made in this Complaint.

66. Plaintiff provided Chord with personal information, trusting that Chord would safeguard it. Had Plaintiff known this information would not be adequately protected, it would not have been provided. Chord's acceptance and storage of Plaintiff's personal information created a fiduciary relationship, obligating Chord to act primarily for Plaintiff's benefit, including protecting that information.

67. Plaintiff was entirely reliant on Chord to ensure personal information was secure, having no means to verify or influence Chord's or its vendors' data security practices. Chord was in an exclusive position to prevent the Data Breach.

68. Chord breached its fiduciary duty to Plaintiff by contracting with companies that failed to protect its systems, by failing to comply with HIPAA data security guidelines, and by otherwise failing to safeguard Plaintiff's personal information.

69. As a direct result of Chord's breaches of its fiduciary duties, Plaintiff has suffered and will suffer injury, including, but not limited to: (i) a substantial increase in identity theft risk; (ii) the compromise and theft of personal information; (iii) out-of-pocket expenses for prevention, detection, and recovery from unauthorized use; (iv) lost opportunity costs mitigating breach consequences; (v) continued risk to personal information remaining in Chord's possession; (vi) future costs (time, effort, money) to prevent, detect, and repair breach impacts; (vii) loss of personal information's potential value; and (viii) overpayment for services received without adequate data security.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, , requests judgment against Chord and that the Court grants the following:

A. For equitable relief enjoining Chord from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of the Private Information of Plaintiffs, and from refusing to issue prompt, complete, any accurate disclosures to Plaintiffs;

B. For injunctive relief requested by Plaintiff, including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs, including but not limited to an order:

i. prohibiting Chord from engaging in the wrongful and unlawful acts described herein;

ii. requiring Chord to protect, including through encryption, all data collected through the course of its business in accordance with all applicable regulations, industry standards, and federal, state, or local laws.

iii. requiring Chord to delete, destroy, and purge the Private Information of Plaintiffs unless Chord can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Plaintiffs

iv. prohibiting Chord from maintaining the Private Information of Plaintiffs on a cloud-based database;

C. For an award of damages, including actual, statutory, nominal, and consequential damages, as allowed by law in an amount to be determined by a jury at trial

D. Such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: July 9, 2025

Respectfully Submitted,

LaKia Arnold

237 Jacksonville Rd

118F Hatboro, PA 19040

Lakia.arnold626@gmail.com

(267)974-5886

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LAKIA ARNOLD, on behalf of her minor children L.H and C.H

**(b)** County of Residence of First Listed Plaintiff: Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

CDHA MANAGEMENT,LLC d/b/a CHORD SPECIALITY DENTAL PARTNERS and SPARK DSO d/b/a CHORD

County of Residence of First Listed Defendant: Davidson County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 1332

Brief description of cause:
Negligence and failure to safeguard PHI/PII under HIPAA and FTC Act. Led to a data breach causing financial and emotional harm.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 100,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ________ DOCKET NUMBER ________

DATE SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.